IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| JIM SATCHER INC. D/B/A JIM SATCHER MOTORS<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC. D/B/A CHRYSLER CAPITAL<br><br>Defendant. | C.A. No. _____<br><br>**COMPLAINT**<br>*JURY TRIAL DEMANDED* |

Plaintiff JIM SATCHER INC d/b/a JIM SATCHER MOTORS ("JIM SATCHER MOTORS") files this Complaint for breach of contract and seeks a declaratory judgment against Defendant SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL ("SANTANDER").

## PARTIES

1. JIM SATCHER MOTORS is a South Carolina corporation with headquarters in Edgefield County. JIM SATCHER MOTORS operates a franchise, Chrysler automobile dealership at 511 Calhoun Street, Johnston, S.C.

2. Defendant SANTANDER is an Illinois corporation with its principal place of business in Dallas, Texas and has entered into one or more contracts with JIM SATCHER MOTORS to provide financing for the purchase and/or lease of automobiles by customers of JIM SATCHER MOTORS in South Carolina.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States *See* 28 U.S.C. § 1332(a).

4. SANTANDER is subject to personal jurisdiction in South Carolina under this State's long-arm statute because SANTANDER regularly conducts business in this State and has entered into contracts that have been and are to be performed in whole or in part in this State.

5. Venue is proper as this dispute involves Defendant's performance under contracts with Plaintiff for the financing of consumer automobile transactions in South Carolina and therefore a substantial part of the events and omissions giving rise to the claim occurred in this District. *See* 28 U.S.C. § 1391(a).

## BACKGROUND/FACTS

6. In 2013, SANTANDER entered into a joint venture with Chrysler Group LLC whereby SANTANDER would provide captive automotive financing to Chrysler Group dealers including JIM SATCHER MOTORS.

7. On or about April 17, 2013 JIM SATCHER MOTORS entered into a Non-Recourse Master Dealer Agreement with SANTANDER whereby SANTANDER agreed to provide automotive financing to customers of JIM SATCHER MOTORS for the purchase and lease of vehicles.

8. The April 17, 2013 agreement provided SANTANDER "may, in its discretion, amend, modify, or supplement this Agreement at any time, upon written notice to the Dealer. Submission of an Application to Chrysler Capital after any such amendment, modification or

supplementation ("Amendment") of which Chrysler Capital has provided Dealer notice shall constitute Dealer's express agreement to such amendment for Contracts entered into after the submission date. A true and accurate copy of the April 17, 2013 agreement is attached as Exhibit 1.

9. SANTANDER subsequently provided notice to JIM SATCHER MOTORS of an amended Non-Recourse Master Dealer Agreement. JIM SATCHER MOTORS submitted applications to SANTANDER for all customer automotive financing relevant to this action after receiving notice of the amended Non-Recourse Master Dealer Agreement. A true and accurate copy of the amended Non-Recourse Master Dealer Agreement is attached hereto as Exhibit 2.

10. The amended Non-Recourse Master Dealer Agreement deleted a provision from the April 17, 2013 agreement that permitted SANTANDER to immediately suspend a dealer from the financing program if there has been a pattern of fraudulent or suspicious activity by the dealer. See, Section15(d), Exhibit 1.

11. There is no equivalent provision in the amended agreement therefore SANTANDER does not have the right to contractually suspend a dealer based upon a pattern of suspicious activity by the dealer under its current agreement with JIM SATCHER MOTORS.

12. Nevertheless, in September 2015, SANTANDER suspended JIM SATCHER MOTORS from the financing program without notice and without cause.

13. JIM SATCHER MOTORS has not engaged in a pattern of fraudulent or suspicious activity and any claims or assertions to that effect are baseless and false.

14. In October 2015 SANTANDER sent written notice demanding that JIM SATCHER MOTORS repurchase the following four customer loans: (i) Stephanie S. (App ID 51574715); (ii) Johnny C. (App. ID 70512822); (iii) Linda B. (App. ID 6653897) and (iv) Patsy

R. (App. ID 56241645). In the written notices, SANTANDER alleges that JIM SATCHER MOTORS violated Section 9 of the amended Non-Recourse Master Dealer Agreement and demanded repurchase of these four loans under Section 10(A) of the amended agreement.

15. Section 9 of the Dealer Agreement is titled, "Anti-Money Laundering and Suspicious Activity" and provides:

> Dealer acknowledges and understands that SCUSA is obligated to comply with the provisions of the USA Patriot Act of 2001 (the "Patriot Act"), which includes but is not limited to the requirements of filing Suspicious Activity Reports and establishing a Customer Identification Program. Dealer agrees to cooperate with SCUSA in this regard and shall provide appropriate notices to applicants as required under the Patriot Act and shall make available and provide information reasonably requested by SCUSA so as to comply with the Patriot Act. Additionally, *Dealer agrees to use its best efforts to detect and prevent money laundering and financing of terrorism schemes and to report suspicious activity to SCUSA and the appropriate agencies, which activities may include detected or attempted identity theft.*

16. JIM SATCHER MOTORS has fully complied with the provisions of Section 9 and its obligations under the Patriot Act.

17. SANTANDER has never informed JIM SATCHER MOTORS of any factual basis to support its allegations that JIM SATCHER MOTORS violated Section 9 of the amended Non-Recourse Master Dealer Agreement. Instead, SANTANDER requested JIM SATCHER MOTORS to conduct an outside audit of selected sales transactions. JIM SATCHER MOTORS complied with this request and reported to SANTANDER that this audit did not find any discrepancies during a telephone conference on November 9, 2015.

18. SANTANDER terminated the November 9, 2015 telephone conference once it learned that counsel for JIM SATCHER MOTORS began questioning the basis of the suspension. Representatives of SANTANDER advised that its lawyers would contact JIM SATCHER MOTORS counsel to further address the issues. However, this did not happen.

19. Rather, SANTANDER's lawyers sent JIM SATCHER MOTORS four certified letters demanding immediate re-purchase of the four consumer loans identified above and advising that SANTANDER would initiate a lawsuit if JIM SATCHER MOTORS did not agree to repurchase the four loans by November 27, 2015, the day after the Thanksgiving Holiday.

20. SANTANDER'S lawyers inexplicably attached a wholly unrelated and outdated agreement that JIM SATCHER MOTORS entered into in 2004 with a now defunct entity purchased by SANTANDER. The defunct entity is Drive Financial Services.

21. Despite repeated requests, SANTANDER has refused to lift JIM SATCHER MOTORS suspension from the Chrysler Credit automobile financing program.

22. As a result of the suspension, JIM SATCHER MOTORS has been unable to participate in various Chrysler sales promotions, including Chrysler manufacturer's rebates and 0% financing offers,

23. JIM SATCHER MOTORS has lost significant sales opportunities and has been financially damaged because of SANTANDER's actions.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

24. JIM SATCHER MOTORS incorporates the allegations of paragraphs 1 through 23 above as fully and effectually as if stated verbatim herein.

25. SANTANDER has breached the expressed terms of its contract with JIM SATCHER MOTORS by suspending JIM SATCHER MOTORS from the Chrysler Capital financing program without cause.

26. SANTANDER has further acted in bad faith by failing to provide JIM SATCHER MOTORS with advance notice of the suspension or the factual basis upon which SANTANDER

relies to support its allegation that JIM SATCHER MOTORS violated Section 9 of the amended Non-Recourse Master Dealer Agreement.

27. SANTANDER has therefore breached the implied duty of good faith and fair dealing existing in all contracts under South Carolina law.

28. As a result of SANTANDER's actions and omissions in violation of the express terms of the contract and in violation of SANTANDER's implied duties of good faith and fair dealing JIM SATCHER MOTORS has suffered been financially damaged.

29. SANTANDER is liable to JIM SATCHER MOTORS for actual damages resulting from SANTANDER's breach of contract.

## SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

30. JIM SATCHER MOTORS incorporates the allegations of paragraphs 1 through 29 above as fully and effectually as if stated verbatim herein.

31. JIM SATCHER MOTORS brings this cause of action for declaratory judgment pursuant to 28 U.S.C.A. §§ 2201 and 2202, for the purposes of determining questions of actual controversy between the parties and construing the rights and legal relations arising from the financing agreements entered into between the parties.

32. JIM SATCHER MOTORS seeks judgment declaring that:

   a. JIM SATCHER MOTORS is not obligated to re-purchase the following loans: (i) Stephanie S. (App ID 51574715); (ii) Johnny C. (App. ID 70512822); (iii) Linda B. (App. ID 6653897) and (iv) Patsy R. (App. ID 56241645);

b. The parties contract governing the financing of customer automotive sales, including sales financed under the name of Chrysler Capital, is the amended Non-Recourse Master Dealer Agreement set forth as Exhibit B to this Complaint;

c. SANTANDER does not have a contractual right to suspend JIM SATCHER MOTORS from the Chrysler financing program;

d. SANTANDER has breached the terms of the amended Non-Recourse Master Dealer Agreement;

e. The 2004 Drive Financial Services Agreement has been terminated and is no longer valid; and

f. SANTANDER has acted in bad faith by failing to inform JIM SATCHER MOTORS with the factual basis underlying SANTANDER's allegation that JIM SATCHER MOTORS violated Section 9 of the amended Non-Recourse Master Dealer Agreement, by suspending JIM SATCHER MOTORS form the Chrysler financing program without notice and/or without cause, and as a result of all its actions and omissions described above.

WHEREFORE, Plaintiff requests this Court enter judgment against the Defendant for actual damages in an amount determined at trial and declaratory judgment as requested above.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

By: *s/ James M. Griffin*
James M. Griffin, Fed ID 1053
Margaret N. Fox, Fed ID 10576
GRIFFIN | DAVIS
1116 Blanding Street
P.O. Box 999 (29202)
Columbia, S.C. 29201
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

Richard A. Harpootlian, Fed. ID 1730
RICHARD A. HARPOOTLIAN PA
1410 Laurel Street
P.O. Box 1090 (29202)
Columbia, S.C. 29201

Attorneys for Plaintiff

November 25, 2015
Columbia, South Carolina